**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| ANAYDA GUARDADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| SOUTH FLORIDA ENT ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, Anayda Guardado (hereinafter "Plaintiff" or "Guardado"), and files her Complaint against Defendant South Florida ENT Associates, Inc. (hereinafter "Defendant" or "South Florida ENT"), and in support Plaintiff states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her sex and pregnancy.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

4. Plaintiff, Guardado, is a citizen of the United States, and was at all times material, a resident of Broward County, Florida.

5. Defendant, South Florida ENT, is a Florida For-Profit Corporation with its principal place of business in Miami Lakes, Florida. Defendant does business in this Judicial District at 2500 Weston Road, #103, Weston, Florida 33331.

6. Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On September 15, 2020, Plaintiff dual-filed a claim with the Florida Commission on Human Rights ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy, and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

10. On March 12, 2021, the EEOC issued a Determination of no reasonable cause.

11. This complaint was filed within ninety days of the EEOC's issuance of the Determination of no reasonable cause.

## FACTUAL ALLEGATIONS

12. Plaintiff is Female.

13. Plaintiff worked for Defendant for approximately twelve months.

14. Plaintiff worked for Defendant as a Call Center Representative.

15. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

16. In early 2020 Plaintiff notified Defendant of her pregnancy and at all times material, Defendant was aware of Plaintiff's pregnancy.

17. Immediately upon notifying Defendant of her pregnancy the work environment shifted and became hostile.

18. Due to her pregnancy Plaintiff required additional bathroom breaks and a mere two to three days off to attend pregnancy-related doctors' appointments.

19. Soon after her request for reasonable accommodations Defendant furloughed Plaintiff under the guise of a Covid-19 related need.

20. However, Defendant soon began to bring employees back into the workforce – except for Plaintiff because of her pregnancy. Instead, Defendant brought back less experienced and less tenured non-pregnant employees Carmina Santiago, Jason Carreras, and Danelia Cruz-Carranza.

21. Very soon after Defendant terminated Plaintiff.

22. Further, when Defendant terminated Plaintiff it commented specifically about Plaintiff's insurance noting that it is still active and advised Plaintiff to do what she has to before time ends meaning, take care of pregnancy related medical needs while she still had insurance.

23. Notably, Defendant did not make this comment non-pregnant employees.

24. Following her termination Defendant filled Plaintiff's position with a non-pregnant employee.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

**Count I:**
**Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII** *as amended by the* **Pregnancy Discrimination Act of 1978**

27. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-26 above.

28. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

29. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

30. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

31. Defendant intentionally discriminated against Plaintiff based on her sex including pregnancy.

32. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and relief.

33. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II:
### Retaliation in Violation of Title VII

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-26 above.

35. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

36. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

37. Defendant's conduct violated Title VII.

38. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

39. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

40. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

      b)     Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

      c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*